**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re:

    KRISHNA HOTELS INC.,

                Debtor.

Chapter 11
Case No. 23-00384
**Hearing:  May 17, 2023, 9:00 a.m.**
Hon. Timothy A. Barnes

_____

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### OF BYLINE BANK

Byline Bank ("Byline") is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(3).

### SUMMARY OF FACTS

The Debtor filed a Voluntary Petition for relief under chapter 11 on January 12, 2023 (the "Petition Date").

Prior to the Petition Date on June 27, 2018, the Debtor entered into a loan agreement (the "Loan Agreement") with Byline for a loan in the original amount of $2,190,000.00 evidenced by a U.S. Small Business Administration Note dated June 27, 2018, as amended by that certain Loan Deferral Agreement dated October 1, 2020 (collectively, the "Note").  Copies of the Loan Agreement and Note are attached as Exhibit A.

To secured repayment of the Note, the Debtor executed a Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing dated June 27, 2018 (the "Mortgage") granting Byline a mortgage on real property located at 1705 5th St., Lincoln, Illinois (the "Property").  The Mortgage was perfected by recording it with the register of deeds of Logan County, Illinois on July 28, 2018, and Byline's security interest in the Debtor's personal property was perfected by

the filing of a UCC-1 Financing Statement on July 20, 2018. Copies of the Mortgage and UCC-1 Financing Statement are attached as <u>Exhibit B</u>.

Prior to the Petition Date, following defaults under the Note by the Debtor, Byline commenced the following proceedings: (1) *Byline Bank v. Krishna Hotels Inc., et al.*, Case No. 2022-FC-28, pending in the Circuit Court of Logan County, Illinois (the "Foreclosure Case"), seeking monetary damages due under the Note and foreclosure on the Property along with monetary damages against the non-Debtor guarantors under those certain U.S. Small Business Administration Guarantees; and (2) *Byline Bank v. Krishna Hotels Inc., Jigisha Bhatt, Santosh Bhatt, Kaunish Patel, Rupal Patel, et al.* (the "Guarantor Case"), seeking foreclosure on properties owned by the guarantors who respectively granted mortgages to secure their guarantees. The Debtor was named in the Guarantor Case by virtue of the fact that it was the borrower and maker of the Loan Agreement and Note.

As of the Petition Date, the Debtor was indebted to Byline under the Note in the amount of $2,302,829.83, including interest, late fees, attorneys' fees, escrow amounts, insurance, real estate taxes and other fees and charges that have accrued and will continue to accrue until paid in full (the "Debt").

## DISCUSSION

The Debtor designated this case as a single asset real estate case in its Voluntary Petition (Dkt. #1).

Section 362(d)(3) states, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

\*\*\*

> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within the 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later –
>
> > (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
> >
> > (B) the debtor has commenced monthly payments that –
>
> ***
>
> > > (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate[.]

11 U.S.C. § 362(d)(3).

The Petition Date was January 12, 2023 and therefore, the 90-day period expired on April 12, 2023.

First, the Debtor failed to file *any* plan of reorganization by the April 12, 2023 deadline (much less a plan that has a reasonable possibility of being confirmed in a reasonable time), and the Debtor did not timely request an extension of the April 12, 2023 deadline. If the Debtor were to make a request for an extension now the Court should deny that request because section 362(d)(3) explicitly states that the request must be made before the expiration of the 90-day period. Therefore, the Debtor has failed to fulfill the requirements of section 362(d)(3)(A).

Second, the Debtor did not commence making payments to Byline by the April 12, 2023 deadline. In fact, the Debtor has not made *any* payments to Byline, either pre- or postpetition, since March 2022. In order to meet the requirements of section 362(d)(3)(B), the Debtor would

be required to make monthly payments to Byline in excess of $13,000.[1] According to its Monthly Operating Reports (Dkt. #29 and #30), the Debtor ended January with a balance of approximately -$100, and ended February with a balance of approximately $1,400, without having made any payments to Byline. The Debtor simply has not generated sufficient postpetition revenues to make payments to Byline. Therefore, the Debtor has failed to fulfill the requirements of section 362(d)(3)(B).

Congress enacted section 362(d)(3) to ensure that secured creditors would receive fair treatment in single asset real estate cases.

> In enacting [section 362(d)(3)], Congress was apparently concerned about the delay in the bankruptcy process and the resulting unfairness to secured lenders when single asset real estate projects were involved. As stated in the Senate Report, "[t]his amendment will ensure that the automatic stay provision is not abused, while giving the debtor the opportunity to create a workable plan of reorganization". S.Rep. No. 168, 103rd Cong., 1st Sess. (1993). In enacting the amendments relative to single asset real estate cases, Congress has provided for extraordinary expedition. Congress was motivated by a desire to afford relief in situations where (1) the owner of an encumbered building is attempting to avoid loss of the building to a grossly undersecured lender and (2) there is no real hope that a viable and confirmable plan can be produced.

*In re LDN Corporation*, 191 B.R. 320, 326 (Bankr. E.D.Va. 1996) citing, *Kkemko, Inc.*, 181 B.R. 47, 51 (Bankr. S.D.Ohio 1995).

At the Status Hearings that have occurred in this case, the Debtor has stated that it intends to either grant Byline a deed in lieu (which would not be acceptable to Byline), or attempt to sell the Property (the Debtor has not filed a motion to sell, nor presented any viable buyers to Byline or the Court). In any event, Byline has not received any payments in the 90-day period since the Petition Date and there is no indication that the Debtor can successfully accomplish any option it

---

[1] Based on the principal balance owing on the Petition Date of $2,121,166 at the nondefault contract interest rate of 7.5%. Based on the value of the Property as stated in the Debtor's Bankruptcy Schedules of $1,200,000, at a nondefault contract interest rate the monthly payment would be $7,500.

4

was hoping to explore at the commencement of this case. The Debtor's time period for exploration is set at 90 days by section 362(d)(3) and has now expired. Byline is entitled to relief from stay. *LDN Corp.*, 191 B.R. at 327 ("The Court views relief under § 362(d)(3) to be mandatory where its provisions are not strictly complied with."); *In re RIM Development, LLC*, 448 B.R. 280, 288 (Bankr. D.Kan. 2010); *In re CBJ Development, Inc.*, 202 B.R. 469, 470 (9th Cir. 1996).

### RELIEF REQUESTED

For the reasons stated above, Byline respectively requests that this Court enter an Order lifting the automatic stay to allow Byline to continue the Foreclosure Case to its conclusions, waiving the 14 day stay of enforcement of this Order provided by Federal Rule of Bankruptcy Procedure 4001(a)(3), and for such other and further relief as this Court deems to be appropriate and equitable. The relief requested herein is for foreclosure on the Property and the Debtor's personal property located at the Property. To the extent the Foreclosure Case seeks monetary damages against the Debtor, that remedy will not be pursued.

Byline will seek monetary damages against the non-Debtor guarantors in the Foreclosure Case and foreclosure on properties owned by the guarantors in the Guarantor Case in that those actions are not subject to the automatic stay.

**BYLINE BANK**

Dated: April 18, 2023           By: /s/ Dawn R. Copley
                                    One of Its Attorneys

Andrew H. Eres (ARDC 6237032)
aeres@dickinson-wright.com
Dawn R. Copley (MI P53343)
dcopley@dickinson-wright.com
Dickinson Wright PLLC
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
(312) 377-7891

6